THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

FILED
SEP 5 - 2006
US DISTRICT COURT
MARTINSBURG, WV 25401

ERIE INSURANCE PROPERTY
& CASUALTY COMPANY,

    Plaintiffs,

v.

Civil Action No. 3:05CV21
(BROADWATER)

GERALD LEE FARRELL,
CLIFTON AUSTIN KEARNS,
GREGORY A. PASCO, individually,
SUSAN PASCO, individually, and
GREGORY A. PASCO and SUSAN PASCO,
Guardian and Next Friend of ELIZABETH and
PHILIP PASCO, minors,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### I. Introduction

Plaintiff brings this action seeking a declaratory judgment that the automobile insurance policy it issued to defendant Gerald Lee Farrell does not provide coverage for the personal injury and property damage claims asserted by defendant Pascos arising from a March 8, 2004 automobile accident. Pending before the Court is Plaintiff Erie Insurance Property and Casualty Company's Motion for Summary Judgment **(Document 17)**. The Court has considered Plaintiff's Motion and the responses and reply thereto and for the reasons set forth below, concludes the motion should be and is now granted.

## II. Factual Background

According to a police report prepared by West Virginia State Trooper Weaver, on March 8, 2004, a vehicle driven by defendant Austin Clifton Kearns rear-ended a vehicle driven by defendant Greg Pasco. Present as passengers in the Pasco vehicle were Mr. Pasco's wife and two children. The vehicle driven by defendant Kearns was owned by defendant Farrell. Plaintiff alleges, and defendant Farrell agrees, that defendant Kearns did not have defendant Farrell's permission to drive the vehicle. Therefore, Plaintiff Erie has denied coverage for the Pascos' claims brought against Mr. Farrell on the basis that the policy does not provide coverage when permission had not been granted by the owner of the vehicle.

Defendant Kearns was subsequently charged with several misdemeanors as a result of the accident, and on April 20, 2004, he pled guilty to joyriding. West Virginia Code § 17A-8-4 (1999) states that "[a]ny person who drives a vehicle, not his or her own, without the consent of the owner thereof, and with intent to temporarily to deprive said owner of his or her possession of such vehicle, without intent to steal the same, is guilty of a misdemeanor."

In his answer to the complaint, Kearns admits to driving the truck owned by Mr. Farrell; however, he denies ever being in a motor vehicle accident on or about March 8, 2004 on US Route 11 near Inwood, West Virginia. In his Response to the Plaintiff's Motion for Summary Judgment Kearns maintains the position that he was driving the vehicle, but further states he had "full expressed permission" of Mr. Farrell to be driving the truck on that day. Furthermore, he once again asserts he was not involved in a car accident on the day in question.

The issue before the Court is whether defendant Kearns is precluded from now asserting that he had permission to drive Farrell's vehicle after having previously pled guilty to joyriding. Plaintiff Erie

argues that collateral estoppel prevents Kearns from claiming that he had Farrell's permission, because the joyriding includes the element that the offender drove a vehicle "without the consent of the owner thereof."

### III. Applicable Law

**A.** **Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial-- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 323-25; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

## B. Declaratory Judgment Action

A federal court sitting in diversity must apply the substantive law of the state in which it sits. *See e.g.*, Ferens v. John Deere Co., 494 U.S. 516, 531 (1990); Benner v. Nationwide Mutual Ins. Co., 93 F.3d 1228, 1234 (4th Cir. 1996). Furthermore, in determining the preclusive effect of a state-court judgment, the federal courts must, as a matter of full faith and credit, apply the forum state's law of collateral estoppel. Hagan v. McNallen, 62 F.3d 619, 623-24 (4th Cir. 1995). Therefore, the Court now applies West Virginia's standard in determining whether collateral estoppel applies.

## IV. Discussion

Plaintiff Erie argues that defendant Kearns's denial of being involved in a car accident on the date in question is immaterial to the issue of summary judgment because the Court must accept that fact as true by virtue of his guilty plea to the offense of joyriding. Plaintiff further argues the issue of whether Kearns had defendant Farrell's permission is moot because the offense of joyriding includes the element that the driver did not have the owner's consent to use the vehicle. In making its argument, Plaintiff relies upon Leach v. Schlaegel, 447 S.E.2d 1 (1994).

In Leach, the West Virginia Supreme Court of Appeals found that "the doctrine of collateral estoppel prevents relitigation in a civil setting of issues already resolved in a criminal setting." Id. at 2. The Leach petitioners, husband and wife, brought civil charges against the wife's ex-husband, for assaults committed by the ex-husband against the new husband and to which said assaults the ex-husband had previously pled guilty. The ex-husband failed to appear on the day of trial, and the Court entered judgment against him. At a post-trial hearing, the ex-husband represented that his testimony

at trial would have been that he had *not* committed the batteries to which he had previously pled guilty. He further stated that his decision to enter the plea was based upon petitioners' representations that if he entered a plea, the incident would never be mentioned again. The Circuit Court then granted the ex-husband's motion for relief from judgment. In granting the petitioners' writ of prohibition against the Circuit Court, the West Virginia Supreme Court of Appeals found "that Mr. Adams' guilty plea to battery within the criminal context collaterally estops him from denying that very action in a subsequent civil action." Id. at 4. In reaching its conclusion, the Court said that

> [i]n addressing the application of collateral estoppel where an individual convicted of a criminal offense faces subsequent civil allegations based upon the same activity, we have explained that "the adjudication of a killing which results in a voluntary manslaughter conviction conclusively establishes the intentional nature of that same act for the purposes of any subsequent civil proceeding.

Id., citing Syl. Pt. 4, Baber v. Fortner ex rel. Poe, 412 S.E.2d 814 (1991). Furthermore, the Leach court found that the distinction between being found guilty by a jury and pleading guilty to an offense is "of little consequence." Id. The Court went on to cite Professor Geoffrey C. Hazard, Jr. who, in addressing the doctrine of collateral estoppel wrote,

> the clearest case for such an estoppel is where a defendant pleads guilty to a substantial criminal charge and then seeks in civil litigation concerning the same transaction to assert that he did not commit the criminal act.

Geoffrey C. Hazard, *Revisiting the Second Restatement of Judgments: Issue Preclusion and Related Problems*, 66 Cornell L.Rev. 564, 578 (1981). Finally, the Leach court found that "Mr. Adams [had] not presented any meritorious grounds for evading the application of collateral estoppel" other than his attempt to justify his guilty plea." Id.

In opposing Plaintiff's Motion for Summary Judgment in the instant case, the Pasco defendants argue that the motion should be denied. The Pascos argue that defendant Kearns's claim that he had defendant Farrell's permission to use the vehicle creates a material factual dispute which should be put before the jury. The Pascos also argue that summary judgment is premature because neither defendant Kearns nor defendant Farrell have been deposed.

In presenting their argument, Pascos rely upon Laney v. State Farm, 479 S.E.2d 902 (1996) for the statement that "Leach did not remove discretion from the circuit court where there is a prior criminal admission or adjudication of guilt, but found such admission or adjudication to be an important factor to be considered." Laney, 479 S.E.2d at 907. In essence, the Pasco defendants argue that it is within this Court's discretion to determine whether or not Kearns is precluded by the doctrine of collateral estoppel from now claiming that he had permission from defendant Farrell to drive the vehicle after having already entered a plea of guilty to the offense of joyriding.

In Laney, the Plaintiff, Tracy Laney, brought a wrongful death suit against Dale Taylor as to the death of her husband. Taylor, a minor at the time of the accidence, was drinking with the decedent and may have been the driver in a one-vehicle accident resulting in the death of Laney's husband. Subsequently, Taylor was charged in a juvenile proceeding and, as part of a plea agreement, acknowledged he was driving the vehicle at the time of the accident. Prior to trial in the civil matter, Laney moved to preclude Taylor from now arguing he was *not* the driver, but the trial court denied her motion. On appeal, Taylor argued that Leach did not apply to him because he, unlike Mr. Adams in the Leach case, could present "meritorious grounds for evading the application of collateral estoppel" in the form of newly discovered evidence and because the law governing juvenile proceedings prevents the use of evidence from those proceedings in subsequent cases. Laney, 479

S.E.2d at 905. The West Virginia Supreme Court agreed with the trial court's finding that Mr. Taylor had indeed presented "meritorious" grounds for evading the application of collateral estoppel and the trial court had not erred in using its discretion to not apply the doctrine of collateral estoppel.

In determining whether or not collateral estoppel should be applied in a case such as the one now before the Court, where a party not involved in the first (criminal) case wishes to assert collateral estoppel in the second (civil) case, West Virginia law states the Court must consider three things.

> Whether a stranger to the first action can assert collateral estoppel in the second action depends on several general inquiries:
>
> [1] Whether the issues presented in the present case are the same as presented in the earlier case;
>
> [2] whether the controlling facts or legal principles have changed substantially since the earlier case; and,
>
> [3] whether there are special circumstances that would warrant the conclusion that enforcement of the judgment would be unfair.

Id. at 907, quoting Conley v. Spillers, 301 S.E.2d 216 (1983).

## V. Decision

The Court now finds that the situation which arises in the instant case is more akin to the facts in Leach than in Laney. Just as the Leach court found that "Mr. Adams' guilty plea to battery within the criminal context collaterally estops him from denying that very action in a subsequent civil action," Leach, 447 S.E.2d at 4, this Court finds that defendant Kearns is estopped from now claiming defendant Farrell gave him permission to drive the vehicle after he has previously pled guilty to joyriding, and whereby pleading to such offense, Kearns admitted to not having Farrell's permission to drive the truck. Furthermore, the Court does not find that any defendant has presented a reason which the Court might consider "meritorious" for evading the application of collateral estoppel in this matter.

Finally, the Court finds the three-part test set forth by the West Virginia Supreme Court of Appeals in <u>Conley v. Spillers</u> is met. That is, the issue presented in both the criminal and civil matter was whether defendant Kearns had permission to be driving the Farrell vehicle. There has been no substantial change in either legal or factual principle so as to affect the case; and as the Court has already stated, there are no special circumstances presented by the defendants which would make the Court's decision to collaterally estop Kearns from now asserting that he had permission to use the vehicle unfair. In reaching such conclusions, the Court finds it not necessary to address the Pasco defendants argument that additional discovery needs to be conducted before summary judgment can be entered. Thus, the Court concludes the automobile insurance policy issued by the Plaintiff to defendant Farrell does not provide coverage for the personal injury and property claims asserted by the Pascos.

The Court thus **ORDERS:**

1) that Plaintiff's motion for summary judgment **(Document 17)** is now **GRANTED;** and

2) the Clerk is **DIRECTED** to close this case and remove it from the Court's active docket.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to all counsel of record herein, and to *pro se* defendant Farrell at his address of record.

DATED this 1st day of SEPTEMBER, 2006.

W. Craig Broadwater